IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-10-11-D |
| ) | |
| CARRI O. ADAMS, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant Carri O. Adams' Motion in Limine Regarding Vouching by the United States and Including Codefendant Sandra Acuna's Plea Agreement [Doc. No. 107]. Ms. Adams seeks to exclude from the trial of this matter evidence of a plea agreement of a cooperating defendant who will testify, Sandra Acuna, and to prevent the government from otherwise vouching for Ms. Acuna's truthfulness. The government has responded in opposition to the Motion, arguing that the plea agreement is admissible and no impermissible vouching will occur.

Upon consideration of the issue, the Court finds that Ms. Acuna's plea agreement is admissible. *See United States v. Harlow*, 444 F.3d 1255, 1262 (10th Cir. 2006) ("it is perfectly permissible for a prosecutor to introduce a witness's plea agreement on direct examination, even if it includes a truthfulness provision"); *see also United States v. Magallanez*, 408 F.3d 672, 680 (10th Cir. 2005); *United States v. Lord*, 907 F.2d 1028, 1031 (10th Cir. 1990); *United States v. Bowie*, 892 F.2d 1494, 1498-99 (10th Cir. 1990). "A prosecutor may also discuss the truthfulness provision and make sure the witness is aware of the consequences of failing to tell the truth." *Harlow*, 444 F.3d at 1262. Of course, a prosecutor may not personally vouch for the credibility of a witness. The

court of appeals has drawn the line between permissible emphasis on a truthfulness provision of a witness's plea agreement and improper vouching as follows:

> Argument or evidence is impermissible vouching only if the jury could reasonably believe that the prosecutor is indicating a personal belief in the witness' credibility, either through explicit personal assurances of the witness' veracity or by implicitly indicating that information not presented to the jury supports the witness' testimony.
>
> Presenting evidence on a witness' obligation to testify truthfully pursuant to an agreement with the government and arguing that this gives the witness a strong motivation to tell the truth is not, by itself, improper vouching. Use of the "truthfulness" portions of these agreements becomes impermissible vouching only when the prosecutors explicitly or implicitly indicate that they can monitor and accurately verify the truthfulness of the witness' testimony.

*Bowie*, 892 F.2d at 1498 (citations omitted); *see also Harlow*, 444 F.3d at 1262.

In this case, the prosecution recognizes its obligation to utilize Ms. Acuna's plea agreement in a proper manner at trial. Ms. Adams acknowledges in her brief that the prosecution's compliance with this obligation appears consistent with controlling case law. She contends, however, that this case is factually distinguishable because Ms. Acuna allegedly made false statements to federal agents during the investigation and because she has prior convictions for crimes of dishonesty. Thus, according to Ms. Adams, the admission of Ms. Acuna's plea agreement "will only serve to bolster the testimony of . . . a person that has no respect for the truth." *See* Motion [Doc. No. 107] at 3.

The Court is not persuaded by this argument, which is unsupported by citation of legal authority. Any prior false statement by Ms. Acuna and any prior conviction of a crime involving dishonesty or false statement will provide a basis for effective cross-examination and impeachment of Ms. Acuna's credibility as a witness. The existence of such evidence, however, does not require

that the prosecution be prohibited from offering its own relevant evidence that also bears on the credibility of Ms. Acuna's trial testimony.

IT IS THEREFORE ORDERED that Defendant Adams' Motion in Limine Regarding Vouching and Codefendant Sandra Acuna's Plea Agreement [Doc. No. 107] is DENIED.

IT IS SO ORDERED this 7th day of May, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE