IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CR-10-11-D |
| CARRI O. ADAMS, | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant Carri O. Adams' Motion in Limine Regarding Hearsay Statements [Doc. No. 109]. Ms. Adams seeks to preclude the government from introducing alleged coconspirator statements under Fed. R. Evid. 801(d)(2)(E) because no conspiracy is charged in the Indictment. The government has stated an intention to offer against Ms. Adams certain out-of-court statements made by Defendant Wallace L. Lawrence, III. *See* Pl.'s Trial Brief [Doc. No. 102] at 12. The Court has scheduled a *James*[1] hearing to determine the admissibility of such statements.

The government has responded in opposition to the Motion, arguing that the lack of a conspiracy charge does not preclude the application of the coconspirator hearsay exception and citing *United States v. Kaatz*, 705 F.2d 1237, 1244 (10th Cir. 1983), and cases from other circuits. The Court's research reveals that the rule urged by the government and stated in *Kaatz* has been repeatedly followed in this circuit and apparently remains good law. *See*, *e.g.*, *United States v. Hopkins*, No. 95-6120, 1996 WL 64695, *2 (10th Cir. Feb. 14, 1996) ("Even when a conspiracy is not charged, or dropped as in the present case, statements made by codefendants in the furtherance

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979); *see United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995).

of a conspiracy are admissible where the existence of a conspiracy is independently established.");[2] *see also United States v. Rogers*, 652 F.2d 972, 976 (10th Cir. 1981);*United States v. Cotton*, 646 F.2d 430, 433 (10th Cir. 1981); *United States v. Durland*, 575 F.2d 1306, 1310 (10th Cir. 1978). Thus, this Court is bound by this rule.

Accordingly, the Court finds that the government's proposed evidence is not inadmissible hearsay simply because the Indictment does not charge that Defendants were engaged in a conspiracy. Rather, if the evidence presented at the *James* hearing permits a determination by a preponderance of the evidence that (1) a conspiracy existed; (2) Defendants were members of that conspiracy; and (3) the anticipated testimony concerns statements of a coconspirator made in furtherance of the conspiracy, then the statements are admissible under Rule 801(d)(2)(E). *See United States v. Townley* 472 F.3d 1267, 1273 (10th Cir. 2007). Because the fact that no conspiracy is charged in the Indictment does not preclude the admission of Rule 801(d)(2)(E) evidence if a conspiracy is otherwise established, Ms. Adams' Motion based solely on this proposition lacks merit.

IT IS THEREFORE ORDERED that Defendant Adams' Motion in Limine Regarding Hearsay Statements [Doc. No. 109] is DENIED.

IT IS SO ORDERED this 7th day of May, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).