IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-10-11 -D |
| ) | |
| WALLACE LAVERNE LAWRENCE, III, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Pursuant to Fed. R. Evid. 404(b), the government has filed a pretrial notice of its intent to introduce evidence of other crimes, wrongs, or acts not charged in the Indictment. Specifically, the government intends to offer evidence that Defendant Wallace Laverne Lawrence, III has two previous convictions of criminal offenses involving the possession and use of stolen credit cards: a 1992 state court conviction of unlawful use of a credit card and possession of a taken credit card, Case No. CF-92-1347 in Oklahoma County, Oklahoma; and a 1993 federal conviction of theft of United States mail, Case No. CR-93-143-T in this judicial district. *See* Notice [Doc. No. 52].

Defendant Lawrence has filed a pretrial objection to the government's proposed use of such evidence. *See* Objection [Doc. No. 82]. He argues that the evidence is inadmissible because the government has failed to adequately identify and demonstrate a proper purpose under Rule 404(b), that the convictions are seventeen years old and thus have little relevance, and that the evidence would be unfairly prejudicial under Fed. R. Evid. 403, particularly because the two convictions arose out of the same conduct.

The government has responded with a brief describing the crimes or acts in greater detail, explaining the purposes for which it proposes to use the evidence, and providing legal authority for

its position. The government admits an error in the statement in its Notice that the two convictions stem from the same incident; it provides exhibits to show that the conduct underlying the state and federal convictions, although similar, occurred on different dates and involved different victims.[1] The government also contends that Defendant Lawrence has been in prison for about eight years – or about half of the time – from the date of his first state conviction until the date that the alleged criminal conduct began in this case – a span of less than 16 years. The government argues that Defendant's prison time should be deducted when assessing the staleness of his convictions.[2]

**Background**

The Indictment charges Mr. Lawrence with seven counts of wire fraud in violation of 18 U.S.C. § 1343, one count of access device fraud in violation of § 1029(a)(2), one count of access device fraud in violation of 18 U.S.C. § 1028(a)(7), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The alleged wire fraud scheme involved the use of stolen credit card, debit card, and bank account information to pay utility bills and other debts of victims who were induced by advertisements on www.craigslist.com to make cash payments to Defendants in amounts representing one-half of the victims' outstanding bills or debts, in exchange for a promise that the victims' creditors would be paid in full. The counts of access device fraud involve Defendant Lawrence's alleged use of the stolen financial information to pay personal bills and purchase items for himself and others. The count of aggravated identity theft arises from the alleged fact that the stolen information used in the wire fraud scheme belonged to actual persons. These

---

[1] Defendant Lawrence also has other state convictions that the government does not intend to utilize in its case in chief.

[2] The government notes that Fed. R. Evid. 609 supports its counting methodology but it does not analyze its evidence under this rule, which would apply to impeachment evidence if Defendant Lawrence should decide to testify.

persons were patients of medical care providers who employed a cooperating defendant, Sandra Acuna. Ms. Acuna allegedly took these victims' financial information and identification during her employment, where her position gave her access to patients' account information.

The prior state and federal convictions at issue occurred when Defendant Lawrence was eighteen and nineteen years old, respectively. The state conviction of unlawful use of a credit card and possession of a taken credit card involved an incident in which Defendant Lawrence obtained a credit card from a victim's mailbox and used it to buy a set of tires. Similarly, the federal conviction for mail theft involved a second incident in which Defendant Lawrence obtained a credit card from a different victim's mailbox and used it to go on a shopping spree at Quail Springs Mall. The only apparent similarity between those incidents and the charges in the Indictment is Defendant Lawrence's alleged use of credit card accounts of other persons without their knowledge or permission for his personal gain.

**Standard of Decision**

The government seeks to admit evidence of Defendant Lawrence's past crimes involving credit cards under Rule 404(b), which provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

*See* Fed. R. Crim. P. 404(b). There are four requirements for admissibility under Rule 404(b): (1) evidence of other crimes, wrongs, or acts must be introduced for a proper purpose; (2) the evidence must be relevant; (3) the court must make a Rule 403 determination that the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the court, upon request, must instruct the jury that the evidence of similar acts is to be considered only

for the limited purpose for which it was admitted. *See Huddleston v. United States*, 485 U.S. 681, 691-92 (1988); *see also United States v. Cardinas Garcia*, 596 F.3d 788, 797 (10th Cir. 2010); *United States v. Mares*, 441 F.3d 1152, 1156 (10th Cir. 2006). Thus, when offering evidence under Rule 404(b), "the government bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). In this circuit, "[t]he government must 'articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred' from the other acts evidence." *Id*. (quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir.1985)); *see also United States v. Commanche*, 577 F.3d 1261, 1266 (10th Cir. 2009); *United States v. Birch*, 39 F.3d 1089, 1093 (10th Cir.1994). The court of appeals recently announced: "[E]vidence is admissible under Rule 404(b) only if it is relevant for a permissible purpose and that relevance does not depend on a defendant likely acting in conformity with an alleged character trait." *Commanche*, 577 F.3d at 1267.

Here, the government contends the requirements of Rule 404(b) are met with regard to evidence of Defendant Lawrence's convictions of possessing and using stolen credit cards in 1992 and 1993 because the underlying conduct in those cases is sufficiently similar to his alleged use of stolen financial account information in this case to be probative of his motive, lack of mistake or accident, knowledge, intent, common scheme or plan, and identity, and that the evidence of his prior convictions is not sufficiently prejudicial to warrant exclusion under Rule 403. The Court takes up the government's proposed uses of Mr. Lawrence's prior convictions in reverse order.

**Analysis**

**A. Identity**

The government argues that the prior crimes evidence will be used to prove Mr. Lawrence's identity because he used aliases to carry out the wire fraud scheme in this case, but no further

4

explanation is provided. The Court finds this argument fails to satisfy the government's burden to articulate how Mr. Lawrence's prior criminal conduct will assist in identifying him as the perpetrator of any crime or act charged in this case. No relevance of his prior conduct to prove identity is suggested by the facts and evidence currently known to the Court.

The court of appeals has stated as follows concerning the use of Rule 404(b) evidence to prove identity: "[E]vidence of prior illegal acts need not be identical to the crime charged, so long as, based on a 'totality of the comparison,' the acts share enough elements to constitute a 'signature quality.' Elements relevant to a 'signature quality' determination include the following: geographic location; the skill necessary to commit the acts; or use of a distinctive device." *United States v. Shumway*, 112 F.3d 1413, 1420 (10th Cir. 1997) (citations omitted); *see United States v. Patterson*, 20 F.3d 809, 813 (10th Cir. 1994) (similarity of two hijackings established a "signature quality").

In this case, the government makes only a superficial comparison between Defendant Lawrence's various credit card offenses and fails to show that the past and current crimes share a "signature quality." Therefore, the Court finds that the government has failed to justify the use of Defendant Lawrence's past crimes to prove his identity in this case. Accordingly, the government's proposed evidence is not admissible for this purpose under Rule 404(b).

**B. Common Scheme or Plan**

The government also argues that evidence regarding Defendant Lawrence's 1992 and 1993 convictions will show a common scheme or plan because then, as now, he used "stolen credit cards and credit card information to make purchases for personal gain, quit using the card or credit card information to avoid detection, and then [began] using another." *See* Pl.'s Resp. Br. [Doc. No. 96] at 6. The described scheme or plan is not supported by the government's proffer of information regarding Defendant Lawrence's 1992 and 1993 convictions, which shows only that he twice took

5

a credit card from a mailbox and used the card to make purchases of personal items. In the second instance, Defendant Lawrence reportedly used the credit card for numerous purchases at a shopping mall until the card was confiscated by a merchant when he attempted another purchase. These facts do not suggest that he quit using a card to avoid detection.

Further, no commonality between the 1992 or 1993 conduct and the current conduct is apparent. In addition to the lapse of time, this case allegedly involved a very different scheme or plan. Defendant Lawrence allegedly obtained credit card, debit card, bank account information through an accomplice's employment position and then used the compromised information to make telephonic or electronic transactions necessary to carry out a fraudulent scheme, as well as to pay some personal bills and purchase personal items. The Court finds that the government has failed to articulate or to provide any basis to conclude that a common plan or scheme will be shown. Therefore, the Court finds that the proposed evidence is not admissible for this purpose under Rule 404(b).

**C. Intent**

The government also proposes to use evidence of the 1992 and 1993 convictions to show that Defendant Lawrence had "the requisite intent to defraud." *See* Pl.'s Resp. Br. [Doc. No. 96] at 6. This purpose is not otherwise explained in the government's brief. The Court notes that the wire fraud offenses charged in Counts 1-7 of the Indictment require proof of an intent to defraud. However, the government fails to articulate how Defendant Lawrence's use of stolen credit cards to make purchases in 1992 and 1993 supports an inference of fraud with respect to the fraudulent debt relief scheme alleged in Counts 1-7. Although the unauthorized use of credit card information may have been necessary to this scheme, the alleged fraud lies in the placement of false advertisements on www.craigslist.com and the inducement of persons seeking debt relief to make

6

cash payments, believing their debts would be satisfied. Defendant Lawrence's prior fraudulent use of credit card accounts appears unrelated to the wire fraud alleged in this case.

An intent to defraud is also an element of the offense of access device fraud charged in Count 8. The government provides no basis to conclude, however, that Defendant Lawrence's intent to defraud the account holders or their creditors can reasonably be inferred from his past criminal conduct, without making an impermissible inference. The government does not acknowledge or attempt to satisfy the holding of *Commanche* that the government must articulate a permissible use of similar act evidence that does not require an inference that the defendant acted in conformity with a character trait.[3] Moreover, to the extent Defendant Lawrence's unauthorized uses of another person's credit card in 1992 and 1993 may be relevant to show that he intended to defraud the persons whose credit cards, debt cards, and bank account information were used in this case, the Court finds that Defendant Lawrence's past conduct was so remote in time and dissimilar in character as to have little probative value. *See United States v. Cardinas Garcia*, 596 F.3d 788, 797-98 (10th Cir. 2010) ("To determine relevance under Rule 404(b), we must examine factors such as the similarity of the uncharged act to the charged conduct and the temporal proximity of the two acts."). Given this minimal relevance, the Court finds that the government's intended use of the past convictions to prove Defendant Lawrence's intent to defraud would be unduly prejudicial. Therefore, the Court finds that the government's proposed evidence is inadmissible for this purpose under Rule 404(b).

---

[3] In that case, the court of appeals held that evidence of the defendant's prior convictions of aggravated battery was inadmissible in a case of assault resulting in serious bodily injury "because the jury must necessarily use [the evidence] for an impermissible purpose (conformity) before it can reflect on a permissible purpose (intent)." *Commanche*, 577 F.3d at 1263.

**D.	Knowledge and Lack of Accident or Mistake**

The government states that it intends to use evidence of Defendant Lawrence's past credit card crimes to prove his knowledge "of how to effectively use stolen credit card information to his advantage and effectuate the scheme" and his lack of accident or mistake in "using other people's identities and credit card information." *See* Pl.'s Resp. Br. [Doc. No. 96] at 6, 12. The government does not explain how Defendant Lawrence's use of stolen credit cards for retail transactions in 1992 and 1993 shows his knowledge of how to accomplish the alleged credit card transactions in this case, which do not appear to have involved the use of actual cards but only account information provided to creditors by telephone or other means. Further, it is unclear to the Court that there is any factual basis for Defendant Lawrence to raise accident or mistake as a defense to the charges in this case.

In short, at this point in the case, the Court finds that the government has failed to demonstrate that its proposed evidence is relevant to show Defendant Lawrence's knowledge or his lack of accident or mistake with regard to any fact of consequence in this case. Therefore, the Court finds that evidence of Defendant Lawrence's prior convictions is not admissible for these purposes. During the trial, however, should it appear that a factual issue is presented concerning Defendant Lawrence's knowledge or lack of accident or mistake, then the Court will entertain further argument on the admissibility of Defendant Lawrence's prior convictions for these purposes under Rule 404(b).

**E.	Motive**

The government also argues that Defendant Lawrence's 1992 and 1993 convictions are probative of his motive "to personally profit from the scheme." *See* Pl.'s Resp. Br. [Doc. No. 96]

at 6. The only explanation of this argument is that both "[t]hen and now, his motive was the same." *Id*. at 12. This is not a proper use of a prior conviction to prove motive.

"Motive, unlike *mens rea*, is not an essential element of a criminal offense. It is an explanation that may tend to make a party's theory of the case seem more plausible or understandable . . . ." *United States v. Santistevan*, 39 F.3d 250, 255 n.7 (10th Cir. 1994). Motive explains the "why" of an offense. Thus, for example, a prior felony conviction may properly be admitted to establish a motive for the attempted use a false identity to purchase a firearm and ammunition. *See United States v. Brigman*, 143 F. App'x 931, 935 (10th Cir. 2005).

In this case, the government presents nothing about the 1992 and 1993 convictions that would make its theory of the current case more plausible or understandable or would explain why Defendant Lawrence would commit the charged offenses. Ironically, the government contends that other criminal charges against Defendant Lawrence do provide a motive for the instant offense; a pending state case generated legal bills that Defendant Lawrence allegedly needed cash to pay. However, the government has conceded in response to Defendant Lawrence's motion *in limine* that evidence of those charges should be excluded. Similarly, the Court finds that evidence of the 1992 and 1993 convictions is inadmissible to prove motive under Rule 404(b).

## Conclusion

For the reasons set forth herein, the Court concludes that Defendant Lawrence's objection to the government's intended use of evidence of his prior convictions at trial should be sustained.

9

On the present record, the government has failed to demonstrate the admissibility of Defendant Lawrence's 1992 and 1993 convictions under Fed. R. Evid. 404(b).

IT IS SO ORDERED this 10th day of May, 2010.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE